JOHN W. HOBART, Receiver of Newport Savings Bank, in equity,

*vs.*

PRESTON L. BENNETT.

## Penobscot. Opinion June 22, 1885.

*Savings banks. Receiver. Practice. Officer's sale. Amendment of return. R. S., c. 81, § 23.*

Receivers of savings banks may maintain suits in their own names as receivers, or in the name of the bank; it is immaterial which.

If a writ is entered in court without any other service than the attachment of property, as provided in R. S., c. 81, § 23, the attachment will not be invalidated if the order of notice on the defendant is not obtained or served, till a subsequent term.

An officer's return on an execution that he had given the notice required by law of the intended sale is conclusive evidence of that fact, and he, cannot be allowed to amend his return so as to show that, in fact, such a notice was not given.

It is not illegal for a receiver to purchase property at an officer's sale on an execution in favor of the estate which he represents.

A sale upon an execution of a right in equity to redeem a parcel of real estate, on which there are two or more mortgages, at the same time and for a gross sum, is not illegal or void.

ON REPORT.

Bill in equity brought for the redemption of two mortgages held by the defendant. The plaintiff claims the right to redeem by virtue of a deed under an officer's sale on execution to the Newport Savings Bank, April 10, 1880. The bill was brought in the name of the receiver, as receiver. The defendant claimed to impeach the judgment upon which the execution issued, upon which the sale was made, on the ground that the original writ was in favor of the Newport Savings Bank, and was returnable

at the April term, 1876, and then entered, without any service other than attachment of property, and continued from term to term till January term, 1877, when personal notice was ordered, which notice was served March 19, 1877, and returnable at the April term, 1877. The defendant, on March 23, 1877, without notice of the service of the notice, bought the property and paid the record owner and took a deed from him of the same. This deed was recorded about three years before the sale on execution.

The officer's deed and return on the execution stated that he had published a notice of the sale for three weeks successively in the Newport Times, and the defendant claimed that the notice was published but two weeks, and that the officer was willing and desirous to correct the error by an amendment of his return to conform to the fact.

The two mortgages were executed at different times and for different amounts. The sale was of both equities at the same time *in solido*, for the sum of five hundred dollars, that being the bid of the receiver, and the highest bid offered.

Upon these facts the report propounded the questions answered in the opinion.

*Wilson and Woodward*, for the plaintiff, cited upon the first question: R. S., c. 47, § 67; *American Bank* v. *Cooper*, 54 Maine, 438.

To the second question: R. S., c. 81, § 21; *Steward* v. *Walker*, 58 Maine, 300.

To the third question: *Sykes* v. *Keating*, 118 Mass. 517.

To the fourth question: High on Receivers, (ed. 1876,) § 176.

To the fifth question: *Bartlett* v. *Stearns*, 73 Maine, 17.

*D. D. Stewart*, for the defendant.

1. See Edwards on Receivers, 12, and cases there cited. The general scope of these authorities seems to show that a receiver, who has no assignment or conveyance from the plaintiff or defendant, can not maintain a suit in his own name, unless the power is given by statute provision. None such exists in relation to receivers of savings banks. The decisions

in this state cited by the learned counsel for the plaintiff, are grounded upon a statute provision applicable to national banks, but not to savings banks.

2. Prior to the statute of 1860, a failure to leave a summons rendered a previous attachment a nullity, and the court had no power to order further notice. R. S., 1841, c. 114, § 48; R. S., 1857, c. 81, § 25; *Briggs* v. *Davis*, 34 Maine, 158; *Hodge* v. *Swasey*, 30 Maine, 162. The only practical construction of the present statute requires that the plaintiff should apply for his order of notice at the return term, and if he neglects to take the proper steps at that term to have the service completed, he must be presumed, as a matter of law, to have abandoned his attachment.

3. The receiver has no other nor greater right than the bank. *Cutting* v. *Damrell*, 88 N. Y. 411; *Savage* v. *Medbury*, 19 N. Y. 32. The bank was the judgment creditor in the execution upon which the sale was made and it was the purchaser. It is well settled law that an execution creditor who purchases under a sale upon his own execution, is not a *bona fide* purchaser for value, and entitled to protection against any errors or mistakes in the proceedings, but is held to have full notice of all such errors, and is bound by them. "When the plaintiff in the judgment and execution purchases at an execution sale, he is presumed to have notice of all defects in the record and proceedings, and will not be protected as a *bona fide* purchaser, if the notice of the sale was insufficient." *Collins* v. *Smith*, 57 Wis., reported in Alb. L. J. of June 16, 1883, and Am. L. Reg. of August, 1883. This seems to be sufficient to defeat the plaintiff's title, without any amendment of the officer's return. But the officer should be allowed to amend his return so as to conform to the facts. *Pickering* v. *Reynolds*, 111 Mass. 83; *Chenery* v. *Stevens*, 97 Mass. 84; *Smith* v. *Dow*, 51 Maine, 28.

WALTON, J. We will answer the questions presented for the determination of the law court, in the order in which they are stated in the report.

1. Receivers of savings banks may commence suits in the name of the bank, or in their own names, as receivers. It is

immaterial which.    Suits may be so commenced by the receivers of banks of discount, and no reason is perceived why the same rule should not apply to the receivers of savings banks.    R. S., c. 47, § 62.

2.    If a writ is entered in court without any other service than the attachment of property, as provided in R. S., c. 81, § 23, the attachment will not be held to have been abandoned or invalidated, although the order of notice on the defendant is not obtained or served till a subsequent term.    The statute authorizing notice in such cases contains no limitation as to the time within which the order shall be obtained or served, or that the attachment shall be lost if the order of notice is not obtained or served within a given time; and we do not think the court would be justified in fixing such a limitation.    If such delays cause inconvenience, the legislature, and not the court, must provide the remedy.

3.    Amendments of officers' returns, by which the title to property is to be affected, should be allowed with great caution. And in no case should such an amendment be allowed, unless the court can see clearly that it will be in the furtherance of justice.    The court does not see clearly that the amendment proposed in this case, ( the effect of which would be to defeat the title of a savings bank and vest it in one who purchased of a debtor pending a suit against him in which the property was attached,) would be in the furtherance of justice.    Consequently, the amendment is not allowed.    The officer's return is conclusive evidence of the facts therein stated, and can not be contradicted. And in the application of this rule, it can make no difference whether the property sold by the officer on an execution is purchased by the judgment creditor or a stranger.    Whoever the purchaser may be, in defense of his title he has a right to rely upon the officer's return as conclusive evidence of the facts therein stated.    By " facts therein stated, " we, of course, mean such facts only as relate to the doings of the officer, and are, therefore, properly stated in the return.    The fact that he has given due notice of an intended sale, is one proper to be stated in a return, and his statement that he has given such notice, can

not be contradicted. If the statement is false, the remedy of one thereby injured, is an action against the officer for a false return. The statement can not be contradicted for the purpose of defeating the title of one who purchased the property at a sale made by the officer, although the purchaser was the judgment creditor in the execution on which the property was sold. In this particular, we think he is entitled to the same protection as any other purchaser.

4. If a receiver improperly purchases property sold on an execution in favor of the estate which he represents, the proper remedy is to hold him responsible for the injury, if any, which the estate thereby sustains. It would be the poorest of all remedies to hold the purchase void, and thus, perhaps, lose to the estate both the property and the debt, to secure which, the purchase was made. In bidding off the equity of redemption which had been attached on the writ, the receiver probably did what he believed would be for the interest of the bank which he represented. But whether he acted wisely or unwisely, is a question that will not be considered in this suit. It is sufficient to say that the court declines to declare the purchase void.

5. A sale upon an execution of a right in equity to redeem a parcel of real estate, on which there are two or more mortgages, at the same time, and for a gross sum, is not illegal or void. So decided in *Bartlett* v. *Stearns*, 73 Maine, 17. The sale in this case was not, therefore, void on that account.

We have now answered all the questions of law presented in the report, and the entry must be,

> *Case to stand for trial on the questions*
> *of fact put in issue by the answer.*

PETERS, C. J., DANFORTH, LIBBEY, EMERY and HASKELL, JJ., concurred.